UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS WEBER, ON BEHALF
OF HIMSELF AND THOSE
SIMILARLY SITUATED,

        CASE NO.:

    Plaintiff,

vs.

PARAMOUNT
TRANSPORTATION LOGISTICS
SERVICES, LLC, A FLORIDA
CORPORATION, R&L CARRIERS,
INC., AN OHIO CORPORATION,
AND AFC WORLDWIDE
EXPRESS, INC., A GEORGIA
CORPORATION, D/B/A R&L
GLOBAL LOGISTICS,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS WEBER, on behalf of himself and those similarly situated, sue the Defendants, PARAMOUNT TRANSPORTATION LOGISTICS SERVICES, LLC, R&L CARRIERS, INC., and AFC WORLDWIDE EXPRESS, INC., d/b/a R&L GLOBAL LOGISTICS, and alleges:

1. Plaintiff was an employee of Defendants and bring this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants in Fort Myers, Florida, from December 2013 to August 2017 as an account executive.

3. Defendants operate under various trade names under the R&L brand. *See* www2.rlcarriers.com, and www.rlglobal.com.

4. Defendants provide domestic and international shipping solutions to their customers, including transportation, logistics and supply chain management services.

5. Defendants operate fifteen (15) offices throughout the country, including in Fort Myers, Ocala, Orlando, Atlanta, Cincinnati, Nashville, Kansas City, Indianapolis, Chicago, Dallas, Laredo, Salt Lake City, Phoenix, Denver and Los Angeles. *See* Logistics Account Executive job opening attached as Exhibit A.

6. During his employment with Defendants, Plaintiff was paid through the PARAMOUNT TRANSPORTATION LOGISTICS SERVICES, LLC, entity.

7. During his employment with Defendants, Plaintiff used the other R&L trade names, including even wearing a R&L Global Logistics shirt and working at a building that said R&L Global Logistics on the outside.

8. R&L Global Logistics is a registered fictitious name in the state of Florida registered to AFC WORLDWIDE EXPRESS, INC, a Georgia Corporation.

9. Each Defendant lists the same Fort Myers address (7290 College Parkway) under its state of Florida corporate filing as an address for one of its officers/directors.

10. Defendants employed Plaintiff and other similarly situated employees at their offices throughout the United States.

11. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every salary paid account executive who worked for Defendants at any time within the past three (3) years.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

13. During Plaintiff's employment with Defendants, Defendants each earned more than $500,000.00 per year in gross sales.

14. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

15. Included in such goods, materials and supplies were telephones, computers, office equipment and furniture and other items which originated from outside the state of Florida

16. Therefore, Defendants are enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of almost daily phone calls and e-mails which left the state of Florida, including telephone calls with potential customers.

## FLSA VIOLATIONS

18. Defendants have failed to comply with the FLSA by misclassifying Plaintiff and all other account executives as exempt from overtime compensation at their offices throughout the country.

19. During most of his employment with Defendants, Plaintiff and these similarly situated employees were classified as exempt under the FLSA.

20. Defendants reclassified the account executive position near the end of 2016 and began paying overtime compensation to account executives.

21. Prior to this reclassification, Plaintiff and the similarly situated employees were paid a weekly salary as their compensation for forty (40) hours worked.

22. Plaintiff and the similarly situated employees' primary job duties were to talk and e-mail with customers to assist them in their freight needs throughout the country. This would include giving quotes generated by Defendants' systems from the available group of vendors in the system.

23. Plaintiff and the similarly situated employees did not set prices nor could they change significant parameters in the system.

24. Plaintiff and the similarly situated employees are truly non-exempt employees and should have been paid overtime compensation for overtime hours worked at all times.

25. Prior to the reclassification, Plaintiff and the similarly situated employees routinely worked overtime hours, but were never paid time and one-half

4

compensation for same.

26. The additional persons who may become plaintiffs in this action are employees who held similar account executive positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

27. Upon information and belief, the records, to the extent any exist and are accurate concerning the number of hours worked and amounts paid to Plaintiff and the similarly situated employees are in the possession and custody of Defendants.

## RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above.

29. Plaintiff and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

30. From three years ago up until late 2016, Plaintiff and those similarly situated employees were misclassified as exempt and worked overtime hours without receiving additional overtime compensation from Defendants. *See* ¶¶ 18-26.

31. Defendants did not have a good faith basis for its decision to classify Plaintiff and other account executives as exempt under the FLSA prior to the end of 2016.

32. As a result of Defendants' intentional, willful and unlawful acts in

refusing to pay Plaintiff and those similarly situated employees proper overtime compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, THOMAS WEBER, on behalf of himsel and those similarly situated, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 6th day of November, 2017.

_____
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff